IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JERRY U. KENDALL                                                    PLAINTIFF

VS.                                                                NO. 1:99-CV140-D-D

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA                                          DEFENDANT

OPINION GRANTING MOTION TO DISMISS

Presently before the Court is the Defendant's motion to dismiss. Upon due consideration the

Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this action against Jitney Jungle Stores of America, Inc.,

("Jitney") in 1999. The Plaintiff was employed as store manager at Jitney's Columbus,

Mississippi store. Plaintiff was sixty-two years of age when Jitney terminated his employment.

Jitney terminated Plaintiff despite satisfactory reviews, and replaced him with a younger

employee. The Plaintiff alleged he was terminated because of his age, and alleged that Jitney

violated the Age Discrimination in Employment Act ("ADEA"). On October 12, 1999, Jitney

entered into Chapter Eleven Bankruptcy and this Court dismissed the case on October 22, 1999,

pending the bankruptcy proceeding. Jitney never emerged from Bankruptcy and was liquidated

in December 2001.

On August 11, 2004, the United States Bankruptcy Court for the Eastern District of

Louisiana lifted the stay on these proceedings. That order included a waiver of any bankruptcy

claim against Jitney or the plan administrator and a permanent injunction against Plaintiff's

collection on a judgment against Jitney, but allowed the Plaintiff to pursue a claim against Jitney

for insurance purposes. This court granted Plaintiff's motion to reopen this case. Plaintiff then amended his complaint to join National Union Fire Insurance Company of Pittsburgh, PA ("National Union') because National Union was Jitney's primary insurer and to determine all appropriate insurance coverage. Jitney's Employment Practices Liability Insurance Policy carried a $5,000,000 limit and a deductible of $250,000. Jitney's participation in this case was terminated on April 5, 2005, without objection.

The Defendant now motions the Court to dismiss the entire case contending that Plaintiff's suit against National Union is untenable. Defendant cites Jitney's liquidation and Plaintiff's waiver of claims against the liquidating trust. The Defendant further stated that Mississippi law does not allow direct actions against insurance companies. Since the insured no longer exists, the Plaintiff cannot establish an essential element of his claim. The Plaintiff responded by stating that the Bankruptcy Court's Order did not extinguish a right against National Union. In addition, the Plaintiff contends that a new Mississippi Supreme Court case stated that if a question of insurance coverage exists, then a party can bring the insurer into the lawsuit and the Judge will resolve the coverage questions.

### B. Standard of Review

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether

dismissal is warranted, the court will not accept conclusory allegations in the complaint as true.

See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050

(5th Cir. 1982).

*C.  Applicable Law*

United States District Courts are courts of limited jurisdiction.  13 C. Wright, A. Miller,

& E. Cooper, Federal Practice and Procedure § 3522 (1984).  "Whenever it appears by

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the

court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The federal courts must consider the

issue of subject matter jurisdiction *sua sponte* if it was not raised by the parties, and must dismiss

any action if subject matter is found lacking.  Giannakos v. M/V Bravo Trader, 762 F.2d 1295,

1297 (5th Cir. 1985); Matter of Kutner 656 F.2d 1107, 1120 (5th Cir. 1981), *cert. denied,* 455

U.S. 945, 102 S. Ct. 1443, 71 L. Ed. 2d 658 (1982).

The justiciability doctrines created by the United States Supreme Court act as further

limits on the federal judicial power.  Erwin Chemerinsky, Federal Jurisdiction 44-45 (4th ed.

2003). Standing is the most noted justiciablity doctrine, and this Court must determine whether

the Plaintiff has standing against this Defendant.  Although the Defendant did not raise the issue

of standing, this Court may consider it *sua sponte*.  National Solid Waste Mgmt. Ass'n v. Pine

Belt Reg'l Solid Waste Mgmt. Auth., 389 F.3d 491, 498 (5th Cir. 2004); Bauer v. Texas, 341

F.3d 352, 357 (5th Cir. 2003).  Standing analysis consists of both constitutional and prudential

components.  However, this Court's analysis need only to consider the constitutional

requirements.

The United States Supreme Court defined standing as whether the litigant is entitled to

have the court decide the merits of the dispute.  Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct.

2197, 45 L. Ed. 2d 343 (1975).  Standing "is an essential and unchanging part of the case or controversy requirement of Article III."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  The three constitutional requirements for standing are: (1) an injury in fact that is concrete and particularized, (2) that injury must be caused by the defendant, and (3) it must be likely that the Court can redress the injury.  Id. at 560-61.  "The party invoking federal jurisdiction bears the burden of proof in establishing all three elements." Id. at 561.  "Failure to establish any one [of them] deprives the federal courts of jurisdiction to hear the suit."  Rivera v. Wyeth-Ayerst Labs, 283 F.3d 315, 319 (5th Cir. 2002).  The question of constitutional standing must be decided prior to prudential standing and the merits of the case. Here, the Plaintiff cannot meet the constitutional standing requirements because he cannot prove that National Union caused his injury.

### D. Discussion

The Defendant's motion asked this Court to dismiss this case because Mississippi law does not allow direct actions against insurance companies.  In addition, Plaintiff's response cited Mississippi caselaw that allowed for declaratory judgments based upon Rule 57 of the Mississippi Rules of Civil Procedure.  The Court finds no merit in either position because this action was originally filed as an age discrimination claim pursuant to 29 U.S.C. § 621, et. seq., a federal law.  Therefore, the Court is bound by both federal substantive and federal procedural law.  See generally, Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965); Erie R.R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188.  The Court then raised the issue of standing *sua sponte*.

ADEA Analysis

The Plaintiff first filed this action as an employment discrimination suit against his

former employer Jitney. As of December 2001, Jitney no longer exists as a business entity. Jitney was liquidated in a bankruptcy proceeding and terminated from this case on April 4, 2005. Therefore, this action now consists of Plaintiff Kendall and Defendant National Union.

The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calender weeks in the current or preceding calender year." 29 U.S.C. § 630(b). Determining whether a defendant is an employer under the ADEA is a two-step analysis. Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017, 1019 (5th Cir. 1990), *cert. denied*, 498 U.S. 1026, 111 S. Ct. 676, 112 L. Ed. 2d 668 (1991). The defendant must fall within the statutory definition of employer, and an employment relationship must exist between the plaintiff and the defendant. Id. The Fifth Circuit applies a "hybrid economic realities/common law control test" to determine if an employment relationship exists. Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117, 119 (5th Cir. 1993) (citing Mares v. Marsh, 777 F.2d 1066 (5th Cir. 1985)). In Deal, the Fifth Circuit stated that control was the most important component of the test. 5 F.3d at 119. The control component takes into account whether the alleged employer has the right to hire and fire the employee, the right of supervision, and the right to set the employee's work schedule. Id. The economic realities component determines whether the alleged employer paid the employee's salary, provided benefits, and set the terms of the employment relationship. Id.

The Court finds that it is apparent that National Union was not Kendall's employer. National Union did not: (1) hire or fire Mr. Kendall, (2) set his work schedule, (3) pay his salary, (4) provide any benefits, or (5) set the terms of his employment. Therefore, National Union did not control Kendall nor was there any evidence of a relationship between National Union and Kendall that exhibited any economic realities. The Court finds that National Union was not

Kendall's employer and cannot be subject to suit under the ADEA.

Standing Analysis

The Court now turns to the standing analysis to see if Kendall has standing to sue National Union. The Court determines he does not. As enumerated by the Supreme Court, standing requires (1) an injury, (2) causation, and (3) redressibility. Lujan, 504 U.S. at 560, 112 S. Ct. 2130. The Court will take each element on its own to determine if Plaintiff has met the burden of proof. First, Plaintiff does have an injury that is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual. Id. Mr. Kendall's employment with Jitney was allegedly terminated without cause. Mr. Kendall's reviews were apparently satisfactory and there appeared to be no reason for termination for cause. Mr. Kendall alleged enough facts to make a prima facie claim for discrimination based upon age. Mr. Kendall's injury is concrete and actual because he lost his salary that supported his livelihood. Mr. Kendall thus satisfied the injury prong of the standing requirements.

The second prong of the standing analysis requires a showing of "a causal connection between the injury and the conduct complained of ... the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party." Id. To meet the causation requirement, Kendall would have to present evidence affirmatively proving that National Union caused his termination and his loss of pay. Nothing in the record reflects that Kendall ever worked for National Union. Jitney was the only entity that could have met the causation prong. Jitney no longer exists, Kendall waived his right to sue the bankruptcy trust, and Kendall allowed Jitney to withdraw from this case. In order to meet the causation requirement with National Union, Kendall would have to get a judgment against Jitney for employment discrimination over the $250,000 deductible. Because of Plaintiff's waivers and

the fact Jitney no longer exists, this is impossible.  Therefore, Plaintiff has failed to connect his

injury to National Union and his case must be dismissed because he cannot meet the standing

requirements.

*E. Conclusion*

In sum, the Court finds that National Union was not Plaintiff's employer, and not subject

to suit under the ADEA.  The Court further finds that while the Plaintiff suffered an actual injury,

he cannot connect his injury to the Defendant.  Therefore, the Plaintiff does not meet the

constitutional requirements of standing to pursue a case in this Court.  As such, the Court grants

the Defendant's motion to dismiss this action.

A separate order in accordance with this opinion shall issue this day.

This 14th day of September 2005.


<u>/s/ Glen H. Davidson</u>
Chief Judge